O

# United States District Court
# Central District of California

VOLODYMYR BRAYCHENKO,

    Plaintiff,

  v.

VLADIMIR A. RODINOFF,

    Defendant.

Case № 2:23-cv-05607-ODW (MARx)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [11]**

## I.  INTRODUCTION

  Plaintiff Volodymyr Braychenko brings this action against Defendant Vlad Rodinoff for breach of contract.  (Notice of Removal Ex. 1 ("Compl."), ECF No. 1.) Rodinoff now moves to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6).  (Mot. Dismiss ("Motion" or "Mot."), ECF No. 11.)  For the following reasons, the Court **DENIES** Defendant's Motion.[1]

## II.  BACKGROUND

  The following facts are taken from Braychenko's Complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss).

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

In October 2020, Rodinoff[2] held approximately $536,025.72 of cryptocurrency in a digital wallet on Braychenko's behalf.  (Compl. ¶ 9.)  In December 2020, Braychenko became aware that the balance of the digital wallet containing the cryptocurrency had depleted to zero.  (*Id.* ¶ 10.)  Braychenko confronted Rodinoff, who claimed that the digital wallet "was hacked."  (*Id.*)  Despite Braychenko's repeated requests, Rodinoff "refused to provide Plaintiff with any evidence of investigation, or actual proof that the digital wallet was hacked, and the cryptocurrency was stolen." (*Id.* ¶ 11.)

On May 10, 2022, "to resolve the dispute over the $536,025.72 of Plaintiff's funds," Braychenko and Rodinoff executed a repayment agreement (the "Agreement").  (*Id.* ¶ 12.)  Rodinoff executed the Agreement while residing in Los Angeles, California.  (Compl. ¶ 1, Ex. 1 ("Agreement") 11, ECF No. 1[3]; Reply 13.)  Under the terms of the Agreement, Rodinoff promised to "provide compensation to [Braychenko] in the amount of 50% of the value of the stolen cryptocurrency as of December 16, 2020, the date of the theft." (*Id.* at 12.)  Based on the cryptocurrency's value at the time of the theft, Rodinoff agreed to pay Braychenko a total of $268,012.86, with a one-time payment of $64,012.86 due within thirty days of the Agreement's execution and the remaining $204,000 to be paid in monthly increments of $17,000.  (*Id.*)  Rodinoff made the initial payment on August 29, 2022 (approximately eighty days after it was due) but failed to make any subsequent monthly payments. (Compl. ¶¶ 14–15.)

On June 7, 2023, Braychenko filed this action in the Superior Court for the State of California, County of Los Angeles, bringing one count for breach of contract. (*See* Notice of Removal ("NOR") ¶ 1; Compl. ¶¶ 17–22.)  On July 12, 2023, Rodinoff removed the action to federal court under 28 U.S.C. § 1441(a) on the basis that this

[2] In his Complaint, Plaintiff mistakenly refers to Defendant as both Vladimir A. Rodionov and Vladimir A. Rodinoff.  Defendant's correct legal name is Vlad A. Rodinoff.  (Mot. 1 n.1.)
[3] Pinpoint citations to the Agreement between Braychenko and Rodinoff refer to the pagination supplied by the CM/ECF system.

civil action is between a citizen of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  (NOR ¶ 9 (citing 28 U.S.C. § 1332(a)).)

Defendant now moves to dismiss this action pursuant to Rule 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  (*See generally* Mot.)[4]

### III.      LEGAL STANDARD

Federal courts have the power to exercise personal jurisdiction to the extent permitted by the laws of the states in which they sit.  Fed. R. Civ. P. 4(k)(1)(A).  "California's long-arm jurisdictional statute is coextensive with federal due-process requirements."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); *see* Cal. Civ. Proc. Code § 410.10.  When this is the case, the court inquires whether the defendant "ha[s] certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).  A non-resident defendant may be subject to either general or specific personal jurisdiction. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

When a party seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the exercise of personal jurisdiction is proper.  *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When, as here, a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  "[U]ncontroverted allegations in the complaint must be taken as true," and any

---

[4] The Court does not find it necessary to rely on the declarations Rodinoff attaches to his Reply in resolving this Motion.  Accordingly, the Court **OVERRULES** Braychenko's objections to the Reply declarations as moot.  (*See* Pl.'s Objs., ECF No. 23.)

conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800. However, "bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (internal quotation marks omitted). Random, fortuitous, or attenuated contacts will not be sufficient to establish specific personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

A court may also dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

# IV.      DISCUSSION

Rodinoff moves to dismiss this action pursuant to Rule 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  (*See generally* Mot.)

## A.      Timeliness of Rodinoff's Motion

As a preliminary matter, Braychenko first argues that the Court should automatically deny Rodinoff's Motion and award sanctions against Rodinoff for violating the Court's Local Rules.  Specifically, Braychenko argues that Rodinoff violated the requirement that the notice of motion "shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing."  (*See* Opp'n Mot. 7–8, ECF No. 14 (quoting C.D. Cal. L.R. 6-1).)  Braychenko further contends, citing Local Rules 7-12 and 7-13, that the Court may award sanctions against Rodinoff for his late filing.  (*Id.*)  Given this Motion's hearing date of August 14, 2023, Rodinoff's notice of motion was due no later than July 17, 2023.  Rodinoff filed his Motion on July 19, 2023.  (Mot.)  Thus, Rodinoff filed his Motion two days late.

The Court first notes that Local Rule 7-12, which only applies to the timely filing of "required documents," does not apply to initial motion filings such as the one at issue here.  Accordingly, Local Rule 7-13, which authorizes the Court to impose sanctions for the late filing of required documents, is equally inapplicable.  Although Local Rule 6-1 applies to initial motion filings, the rule also vests the Court with authority to modify the twenty-eight-day time-period between the filing of a notice of motion and the scheduled hearing date.  *See* C.D. Cal. L.R. 6-1 ("Unless otherwise provided by rule or order of the Court . . . .").  Having considered the filing delay of Rodinoff's Motion, the Court finds that no significant prejudice resulted from Rodinoff's delayed filing, and the Court accepts Rodinoff's Motion.  However, the Court reminds the parties that all future filings must comply with orders of this Court and the Local Rules.

**B.     Personal Jurisdiction**

A non-resident defendant may be subject to either general or specific personal jurisdiction.[5]  *Fed. Deposit Ins. Corp.*, 828 F.2d at 1442.   To determine whether a defendant's contacts with the forum state are sufficient to render the exercise of specific jurisdiction reasonable, the Ninth Circuit applies a three-prong test: (a) the nonresident defendant purposefully directs activities or consummates some transaction with the forum-state, or performs some act by which he personally avails himself of the privilege of conducting activities in that forum; (b) the claim arises out of or relates to the defendant's forum-related activities; and (c) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is reasonable.  *Schwarzenegger*, 374 F.3d at 802.

In contract cases, the first prong is satisfied by "evidence of the defendant's actions in the forum, such as executing or performing a contract there."  *Id.*  "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King*, 471 U.S. at 479.

There is substantial evidence here tying Rodinoff's conduct to California and demonstrating that he availed himself of the privilege of conducting activities in this forum.  Primarily, Rodinoff executed the Agreement in Los Angeles while he resided in California.  (*See* Agreement 11; Reply 13.)  Further, certain obligations imposed on

---

[5]  Although not addressed by the parties in their briefing, service of summons upon persons voluntarily present in the forum state "suffice[s] to confer jurisdiction, without regard to whether the defendant was only briefly in the State or whether the cause of action was related to his activities there."  *Burnham v. Superior Ct.*, 495 U.S. 604, 612 (1990).  "From the court's perspective, service of process asserts jurisdiction over the person."  *Rockefeller Tech. Inv. (Asia) VII v. Changzhou SinoType Tech. Co., Ltd.*, 9 Cal. 5th 125, 139 (2020).  In this case, on June 12, 2023, Plaintiff personally served Rodinoff at his private residence, located in Los Angeles, California.  (Decl. Mark Angert ISO Opp'n Mot. ("Angert Decl.") ¶ 3, ECF No. 14-1; Req. Judicial Notice ISO Opp'n Mot. Ex. A ("Proof of Service"), ECF No. 14-8.)  From these facts, it appears that service would have conferred this Court with jurisdiction over Rodinoff.  However, because the parties do not address this argument, the Court does not consider it.

Rodinoff by the Agreement, including the initial payment of $64,012.86, were to be performed while Rodinoff was still a California resident. (*See id.*) Braychenko also alleges that Rodinoff breached the Agreement in part by failing to submit the initial payment when it was due, meaning that the first instance of the alleged breach occurred while Rodinoff was still in California. (Compl. ¶ 14.) Finally, the underlying theft of the cryptocurrency occurred while the accountholder, Rodinoff, was a resident of California, and Rodinoff "reported the theft of the cryptocurrency to the Beverly Hills Police Department." (Agreement 11.) Rodinoff's later relocation to Florida in July 2022 does not void this Court's jurisdiction over him. Rodinoff's continued presence in California during the critical time that he executed the Agreement "can in no sense be viewed as random, fortuitous, or attenuated." *Burger King*, 471 U.S. at 480 (internal quotation marks omitted).

Second, a plaintiff's claims are related to defendant's forum-related activities "if, but for a defendant's forum-related activities through which a defendant purposely avails itself of the forum, the plaintiff would not have suffered injury." *Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1204 (C.D. Cal. 2000) (internal quotation marks omitted) (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)); *see Ballard*, 65 F.3d at 1500 ("The question, therefore, is this: but for [Defendant's] contacts with . . . California, would [Plaintiff's] claims against [Defendant] have arisen?"). As discussed previously, Rodinoff purposefully availed himself of the benefits of the state of California when he entered into the Agreement with Braychenko. Accordingly, the but-for test is clearly satisfied because had Rodinoff not done so, Braychenko would not have a claim for injuries that resulted from the Rodinoff's alleged breach of the Agreement.

Finally, a court's personal jurisdiction over a case must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. After the plaintiff establishes the first two prongs of the Ninth Circuit's test for specific personal jurisdiction, the burden shifts to the defendant to present a compelling case that it

would be unreasonable to require the defendant to defend himself in the forum state. *Schwarzenegger*, 374 F.3d at 802; *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("[Defendant] must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." (quoting *Burger King*, 471 U.S. at 476–78)). Seven factors are weighed to determine reasonableness, none of which are dispositive:

> 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.

*Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).

Three factors—the first, second, and sixth—favor reasonableness. Rodinoff interjected himself into California's affairs when he executed the Agreement in California while domiciled in the State. Under the second factor, the Court also finds that, considering Rodinoff's former and current connections to California, it would not be an unfair burden on Rodinoff to defend the action in this forum. Further, Braychenko's interest in convenient and effective relief favors a finding of reasonableness favor a finding of reasonableness.

Three factors—the third, fourth and fifth—are neutral. Under the third factor, Rodinoff does not raise, nor does there appear to be any, material conflict of law between California and Florida that implores a finding of unfairness. Next, although California has an interest in enforcing contracts executed by its residents, Rodinoff is no longer domiciled in California. Accordingly, "this factor seems to be a toss-up." *Roth*, 942 F.2d at 624. Lastly, efficient judicial resolution of the controversy is neutral as it focuses on the location of the evidence and witnesses, *see Harris Rutsky & Co. Ins. Svcs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003), and,

although there is likely to be evidence and witnesses in the forum where Rodinoff executed the Agreement, Rodinoff himself now resides in Florida.

Finally, "[w]hether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1080 (9th Cir. 2011). Rodinoff has made no such showing here.

Therefore, on balance of the factors, it is reasonable to subject Rodinoff to specific jurisdiction in this forum.[6] *See Harris Rutsky*, 328 F.3d at 1134 (finding that defendant failed to present a compelling case against personal jurisdiction where balance of factors was "essentially a wash").

## C.    Failure to State a Claim Upon Which Relief Can Be Granted

Rodinoff next argues that the Complaint should be dismissed because Braychenko fails to sufficiently plead a claim for breach of contract. (Mot. 10–14.) To plead a breach of contract claim, a plaintiff must "plausibly allege the existence of a valid contract, which requires: (1) parties that are capable of contracting; (2) their consent; (3) a lawful object; and (4) '[a] sufficient cause or consideration.'" *Marks v. UMG Recordings*, No. 22-55453, 2023 WL 4532774, at * 1 (9th Cir. July 13, 2023) (internal citations omitted) (quoting Cal. Civ. Code § 1550). "Consideration is '[a]ny benefit conferred, or agreed to be conferred, upon the promisor, . . . to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor.'" *Id.* (quoting Cal. Civ. Code § 1605). Here, Rodinoff argues that there are insufficient allegations supporting that Braychenko offered any consideration in the Agreement, thereby making it invalid and unenforceable. (Mot. 12.)

---

[6] Having found that Rodinoff is subject to specific jurisdiction in this forum, the Court need not address the parties' arguments regarding general jurisdiction.

California recognizes that forbearance, or declining to pursue legal remedies, is a valid form of consideration.  *See Levine v. Tobin*, 210 Cal. App. 2d 67, 69 (1962).  "The promise to forbear may . . . be implied as well as express," but "mere forbearance to sue without agreement to forbear, or the mere act of forbearance if not given for the promise does not constitute a consideration."  *Anglo Cal. Nat'l Bank of S.F. v. Far West Lumber Co.*, 152 Cal. App. 2d 284, 286–87 (1957).

The facts pleaded in the Complaint, which the Court accepts as true for purposes of this Motion, imply that Braychenko's promise to forbear from bringing legal action was Rodinoff's incentive to enter into the Agreement.  First, Braychenko pleads that the parties "entered into [the A]greement to resolve the dispute over the $536,025.72 of Plaintiff's funds." (Compl. ¶ 12.)  Thus, the Agreement's purpose—to resolve the dispute between the parties—was to avoid the risk of Braychenko pursuing legal action to recover the stolen cryptocurrency.  Second, in the Agreement itself, Rodinoff acknowledges possessing $536,025.72 of Braychenko's cryptocurrency, and promises to compensate Braychenko fifty percent of the stolen funds.  It can be reasonably inferred from the Agreement and the facts pleaded in the Complaint that, in exchange for Rodinoff's promised future "refund" payments, (Agreement 12), Braychenko promised to forbear bringing legal action against Rodinoff to recover the cryptocurrency (as he does here after Rodinoff allegedly breached the Agreement).

Therefore, considering the above, Braychenko sufficiently pleads the existence of a valid contract to satisfy the requirements of Rule 8(a).  *See Iqbal*, 556 U.S. at 678 (holding that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss.  (ECF No. 11.)

**IT IS SO ORDERED.**

December 5, 2023

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**